**STATE of Indiana, Appellant–Plaintiff,**

v.

**John C. DUGAN, Jr., Appellee–Defendant.**

No. 49A02–0108–CR–513.

Court of Appeals of Indiana.

June 5, 2002.

---

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

J. Richard Kiefer, Darlene R. Seymour, Kiefer & McGoff, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff, the State of Indiana, appeals the trial court's partial grant of Appellee Defendant's, John C. Dugan, Jr. (Dugan), Motion to Dismiss Indictment.

We affirm.

### ISSUE

The State raises one (1) issue on appeal, which we restate as follows: whether the trial court erred in its partial grant of Dugan's Motion to Dismiss Indictment.

### FACTS AND PROCEDURAL HISTORY

On March 30, 2000, the State filed an indictment against Dugan, charging him as follows:

> COUNT I [ghost employment, a Class D felony, Ind.Code § 35–44–2–4]

JOHN C. DUGAN, JR. on or about the 12th day of February, 1999 at the County of Marion in the State of Indiana and being a public servant, to-wit: an Indiana State Excise Police Officer, did knowingly accept property from the State of Indiana, that is payment of wages, for the performance of duties not related to the operation of the Indiana State Excise Police, that is, said JOHN C. DUGAN, JR. accompanied his supervisor, the Superintendent of the Indiana State Excise Police, for the purposes of socializing, drinking alcoholic beverages, dining and engaging in sexual activity while on duty and being paid by the State of Indiana to perform duties related to the operation of the Indiana State Excise Police.

All of which is contrary to statute and against the peace and dignity of the State of Indiana.

> COUNT II [official misconduct, a Class A misdemeanor, I.C. § 35–44–1–2]

JOHN C. DUGAN, JR. on or about the 12th day of February, 1999 at the County of Marion in the State of Indiana being a public servant, to-wit: an

Indiana State Excise Police Officer for the Indiana State Alcoholic Beverage Commission, knowingly performed acts he was prohibited by law to perform, to-wit: accepted gratuities provided by and on behalf of Bradley Hirst, sole owner of two companies to which permits to sell alcoholic beverages have been issued by the Indiana State Alcoholic Beverage Commission, to wit: a costly meal, numerous alcoholic beverages, use of a hotel room for social purposes and sexual contact with a female employee of said Bradley Hirst and/or his corporate entities [sic] all of which is prohibited by IC 7.1–5–5–2 and states in pertinent part that it is "unlawful for ... an ... employee of the commission ... to receive a gratuity ... from a person ... receiving a permit under this title."

All of which is contrary to statute and against the peace and dignity of the State of Indiana.

### COUNT III [official misconduct]

On or about February 8, 1999 JOHN C. DUGAN, JR. on or about the 8th day of February, 1999 at the County of Marion in the State of Indiana being a public servant, to-wit: an Indiana State Excise Police Officer for the Indiana State Excise Police Officer for the Indiana State Alcoholic Beverage Commission, knowingly performed acts he was prohibited by law to perform, to-wit: accepted gratuities provided by and on behalf of Bradley Hirst, sole owner of two companies to which permits to sell alcoholic beverages have been issued by the Indiana State Alcoholic Beverage Commission, to-wit: a costly meal, numerous alcoholic beverages all of which is prohibited by IC 7.1–5–5–2 and states in pertinent part that it is "unlawful for ... an ... employee of the commission ... to receive a gratuity ... from a

person ... receiving a permit under this title."

All of which is contrary to statute and against the peace and dignity of the State of Indiana.

(Appellant's App. pp. 12–14).

On February 12, 2001, Dugan filed his Motion to Dismiss Indictment and Memorandum of Law and Fact in Support of Motion to Dismiss the Indictment. Dugan moved to dismiss the entire indictment on procedural grounds and moved to dismiss Counts II and III on substantive grounds. On March 2, 2001, the State filed its Memorandum in Opposition to Defendant's Motion to Dismiss Indictment. On April 10, 2001, a hearing was held on Dugan's Motion to Dismiss Indictment. On May 1, 2001, Dugan filed Defendant's Supplemental Memorandum of Law and Fact in Support of Motion to Dismiss the Indictment. On May 21, 2001, the trial court issued an Order, granting Dugan's Motion to Dismiss Indictment, as to Counts II and III. On June 19, 2001, the State filed a Motion to Dismiss. The State moved to dismiss Count I. The State's motion was granted that same day.

The State now appeals. Additional facts will be supplied as necessary.

### DISCUSSION AND DECISION

The State argues that the trial court erred in its partial grant of Dugan's Motion to Dismiss Indictment. I.C. § 35–34–1–4 provides, in pertinent part, as follows:

(a) The court may, upon motion of the defendant, dismiss the indictment or information upon any of the following grounds:

(1) The indictment or information, or any count thereof, is defective under section 6 of this chapter.

(2) Misjoinder of offenses or parties defendant, or duplicity of allegation in counts.

(3) The grand jury proceeding was defective.

(4) The indictment or information does not state the offense with sufficient certainty.

(5) The facts stated do not constitute an offense.

(6) The defendant has immunity with respect to the offense charged.

(7) The prosecution is barred by reason of a previous prosecution.

(8) The prosecution is untimely brought.

(9) The defendant has been denied the right to a speedy trial.

(10) There exists some jurisdictional impediment to conviction of the defendant for the offense charged.

(11) Any other ground that is a basis for dismissal as a matter of law.

I.C. § 7.1–5–5–2 provides:

It is unlawful for a commissioner, an officer or employee of the commission, or a member of a local board, to receive a gratuity, commission, or profit of any kind from a person applying for or receiving a permit under this title. A person who violates the provisions of this section also shall be dismissed as provided in this title.

Additionally, I.C. § 35–44–1–2 provides, in pertinent part, as follows: "A public servant who: (1) knowingly or intentionally performs an act that he is forbidden by law to perform; ... commits official misconduct, a Class A misdemeanor."

 The State asserts that a violation of I.C. § 7.1–5–5–2 constitutes official misconduct under I.C. § 35–44–1–2. We disagree and find that the official misconduct statute was not the appropriate statute with which to charge Dugan. I.C. § 7.1–5–1–8 provides: "A person who violates a provision of this title for which no other penalty is provided commits a Class B misdemeanor." Under title 7.1, there are several statutes that list a specific penalty that a person can be charged with if he violates those particular statutes, e.g. public intoxication, a Class B misdemeanor, I.C. § 7.1–5–1–3; intoxication upon common carrier, a Class B misdemeanor, I.C. § 7.1–5–1–6; and possession of untaxed beverages, a Class C misdemeanor, I.C. § 7.1–5–4–1. Additionally, I.C. § 7.1–5–1–9 provides: "A person who knowingly violates IC 7.1–5–4–3, 7.1–5–4–6, or 7.1–5–6–4, commits a Class D felony." Moreover, I.C. § 7.1–5–2–6 provides: "A person who violates section 4 of this chapter commits a Class C infraction. Each day during which a violation of that section continues is a separate infraction."

While I.C. § 35–44–1–2 may generally apply to a person who violates I.C. § 7.1–5–5–2, I.C. § 7.1–5–1–8 is intended to cover violations of title 7.1 that do not have a specific penalty already attached. Therefore, if a person violates I.C. § 7.1–5–5–2, he may not be charged with official misconduct under I.C. § 35–44–1–2; he may only be charged with a Class B misdemeanor under I.C. § 7.1–5–1–8. Thus, as a matter of law, we find that Dugan was improperly charged with official misconduct. *See* I.C. § 35–34–1–4(a)(11). Therefore, we cannot find that the trial court erred in its partial grant of Dugan's Motion to Dismiss Indictment.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not err in its partial grant of Dugan's Motion to Dismiss Indictment.

Affirmed.

MATTINGLY–MAY, J., and VAIDIK, J., concur.